623 So.2d 35 (1993)
Dwayne T. JOHNSTON
v.
The HARTFORD INSURANCE COMPANY, Terry Spitzer Buick-Subaru, Inc., Defendant ABC and Defendant XYZ.
No. 92 CA 1394.
Court of Appeal of Louisiana, First Circuit.
July 2, 1993.
Writ Denied October 29, 1993.
Steven R. Giglio, Baton Rouge, for plaintiff-appellant Dwayne T. Johnston.
Stephen N. Elliott, Metairie, for defendant-appellee General Motors Corp.
Before CARTER, LeBLANC and PITCHER, JJ.
*36 LeBLANC, Judge.
Plaintiff, Dwayne T. Johnston, appeals from the district court's granting of General Motors Corporation's, defendant-appellee, motion for a directed verdict. We affirm.

FACTS
On September 1, 1986, Johnston, while investigating a noise coming from the engine area of his 1985 Buick Century, started the engine and turned the front wheels all the way to the right. With the engine running, Johnston walked to the right front wheel well and, in an attempt to better position himself and without looking, he placed his right hand into the right front wheel well. Johnston's hand become entangled in the moving belts, and the index and second finger of his right hand were severed.
On April 18 and June 19, 1986, Terry Spitzer Buick-Subaru, Inc., the dealership where the vehicle was purchased, had performed maintenance and repair work on the Buick Century. Johnston claimed that, during one of these visits, employees of the dealership removed the engine splash shield located in the right wheel well and failed to reinstall it. Johnston alleged General Motors was at fault for designing and selling a defective automobile and for failing to warn plaintiff and the repairmen of the dangers and the necessity of reinstalling the shield.
Trial by jury against General Motors began, and after plaintiff rested his case, the judge granted the motion by General Motors for directed verdict. The trial judge reasoned:
[T]he principal, if not the sole, cause of the accident was due to the neglect and the failure of the repairman for the Buick dealership to reinstall the ... guard.... Another very strong contributing cause of this accident was the victim's fault, the failure of the plaintiff to properly identify where he was putting his hand....
Plaintiff appealed, assigning as error the trial court's granting of General Motors' motion for directed verdict.

MOTION FOR DIRECTED VERDICT
La.C.C.P. art. 1810 provides:
A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict that is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.
A trial judge has much discretion in determining whether or not to grant a motion for a directed verdict. A motion for directed verdict is appropriately granted in a jury trial when, after considering all evidentiary inferences in the light most favorable to the movant's opponent, it is clear that the facts and inferences are so overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict. Barnes v. Thames, 578 So.2d 1155, 1162 (La. App. 1st Cir.), writs denied, 577 So.2d 1009 (1991). A directed verdict must be evaluated in light of the substantive law underpinning the plaintiff's claims. Adams v. Travelers Ins. Co., 589 So.2d 605, 608 (La.App. 2d Cir.1991).

FAILURE TO WARN
To recover from a manufacturer or supplier, a plaintiff must prove that the injury resulted from the condition of the product, the condition made the product unreasonably dangerous to normal use, and the condition existed at the time the product left the manufacturer's or supplier's control. Halphen v. Johns-Manville Sales Corp., 484 So.2d 110, 113 (La.1986). A product may be unreasonably dangerous per se or unreasonably dangerous due to a construction defect, a defect in design, or a failure to warn adequately of a danger inherent to normal use that is not within the knowledge of or obvious to the ordinary user. Cosse v. Allen-Bradley Co., 601 So.2d 1349, 1351 (La.1992). In the context of the manufacturer's duty to warn of the dangers in the use of a product, the *37 manufacturer is obligated to anticipate the environment in which the product will be used and to give notice of the potential risks arising from foreseeable use in the foreseeable environment. Bloxom v. Bloxom, 512 So.2d 839, 843 (La.1987). Normal use of a product includes any reasonably foreseeable misuse. Reilly v. Dynamic Exploration, Inc., 571 So.2d 140, 144 (La.1990).
It is well established, however, the duty to warn does not include dangers which are obvious to the ordinary user. Winterrowd v. Travelers Indem. Co., 462 So.2d 639, 642 (La.1985); Scott v. Terrebonne Lumber Co., 479 So.2d 410, 413 (La.App. 1st Cir. 1985), writ denied, 485 So.2d 61 (1986). Found to be an obvious danger, for which no liability was imposed, was the use of clearly marked No. 2 grade board, instead of special industrial grade board specifically designed for use on a scaffold. Scott, 479 So.2d at 413. A non-obvious danger was found in the placing of one's hands within the die area of a punch press which had not been activated [emphasis added]. Winterrowd, 462 So.2d at 642.
We are convinced the ordinary user of an automobile would recognize the obvious danger of blindly inserting his hand into any portion of a running automobile engine. It is not reasonable for an ordinary automobile user to rely on a shield whose placement and location are unknown or undetermined for protection from the dangers of a running automobile engine. Therefore, there was no duty to warn because the danger was obvious to the ordinary user.
Likewise, there is no duty to warn "sophisticated users" of the dangers, which they may be presumed to know about because of their familiarity with the product. Home Ins. Co. v. National Tea Co., 577 So.2d 65, 74 (La.App. 1st Cir.1990), affirmed in part, reversed in part (on other grounds), 588 So.2d 361 (1991); Ducote v. Liberty Mut. Ins. Co., 451 So.2d 1211, 1213 (La.App. 4th Cir.), writ denied, 457 So.2d 15 (La.1984).
Mechanics, trained to repair and maintain automobiles, are sophisticated users, presumed to know the dangers and hazards of a running automobile engine and of the importance of replacing all parts upon the completion of repair work. Thus, in this case, there was no duty to warn a mechanic, familiar with the product and with the hazards arising with normal use or foreseeable misuse, that he should replace the engine splash shield.

CONCLUSION
Accordingly, the trial court's granting of General Motors' motion for directed verdict is affirmed. Costs of this appeal to be paid by plaintiff.
AFFIRMED.