657 So.2d 378 (1995)
Joselyn M. ORTEGO, Individually and on Behalf of Her Minor Son, Kade Ortego, Plaintiffs-Appellants,
v.
JEFFERSON DAVIS PARISH SCHOOL BOARD and Game Time, Inc., Defendants-Appellants.
No. 95-13.
Court of Appeal of Louisiana, Third Circuit.
May 31, 1995.
*379 Robert Thomas Jacques, Jr., Jere Jay Bice, Lake Charles, for Joselyn M. Ortego, etc.
Joe A. Brame, Lake Charles, for Jefferson Davis Parish School Bd., et al.
Before LABORDE, WOODARD and AMY, JJ.
WOODARD, Judge.
This appeal arises from an action to recover damages for an injury sustained by a child in a playground accident.

FACTS
On September 24, 1990, 5-year-old Kade Ortego suffered a severe laceration to his head when he fell from a 69-inch slide located in the Ward Elementary School kindergarten playground. The playground was owned and maintained by defendant, Jefferson Davis Parish School Board. Kade suffered a grand mal seizure soon after he was injured, and he continues to experience abnormal EEGs and behavioral changes.
Kade's mother, Joselyn Ortego, filed suit on his behalf against the School Board and the slide's manufacturer on theories of strict liability and negligence. The manufacturer was later dismissed from the lawsuit, and *380 Titan Indemnity Company, the School Board's insurer, was added. After a bifurcated trial, in which the judge decided the liability of the School Board and the jury decided the liability of the School Board's insurer, both triers of fact found that the School Board had not been negligent and that the slide did not present an unreasonable risk of harm that was the legal cause of Kade's injury. Ortego now appeals, asserting that the trial court and jury erred in (1) finding that the slide presented no unreasonable risk of harm, and (2) finding that the School Board was not negligent, and that the court erred in excluding certain photographs of the slide and the area beneath it.

LAW
A court of appeal may set aside a finding of fact by the trial court or jury only if it is manifestly erroneous. Stobart v. State, Through DOTD, 617 So.2d 880 (La. 1993). A finding is manifestly erroneous if it has no reasonable basis in the record viewed as a whole. Id. This standard demands particular deference to factual findings based on determination of the relative credibility of the witnesses, because only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840 (La. 1989). The issue we are to resolve is not whether the court and jury were right or wrong, but whether their conclusions were reasonable. Parker v. Plomboy, 94-950 (La. App. 3 Cir. 5/3/95), 653 So.2d 1385.

STRICT LIABILITY
The custodian of a defective thing is strictly liable for injuries caused by the defect. La.Civ.Code art. 2317. A thing is defective for purposes of strict liability if it is unreasonably dangerous, meaning that it is dangerous to an extent beyond that which would be contemplated by an ordinary person. Simeon v. Doe, 618 So.2d 848 (La. 1993). Not every imperfection or irregularity will give rise to liability, but only a condition that could reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Parker v. Plomboy, 94-950; 653 So.2d 1385. The existence of an unreasonable risk of harm may not be inferred solely from the fact that an accident occurred. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992).
Plaintiffs assert that the slide is unreasonably dangerous because its design and maintenance violate playground safety standards promulgated by the U.S. Consumer Product Safety Commission (CPSC). Plaintiffs claim that Kade was injured when his head struck exposed concrete located at the bottom of the slide ladder, a "fact" that was hotly disputed at trial. Playground safety expert, Jack Barnidge, testified that the presence of the concrete would constitute a violation of the CPSC playground safety standards. He also testified that, according to the CPSC standards, the steps of the ladder lack adequate skid resistant covering and are improperly angled backwards. He added that the School Board's maintenance schedule is inadequate because the equipment is not inspected on a regular basis, and no one has a duty to ensure that the slide is safe.
The School Board responds with the testimony of Dennis Howard, another safety expert, that the slide is not unreasonably dangerous. Howard noted that the CPSC standards are merely suggested guidelines and that they should not be applied to determine whether particular equipment is unreasonably dangerous because they represent the ideal in playground safety, rather than a norm to which playgrounds are expected to conform. Howard then stated that the backward angle of the steps is necessary to promote safety, because rain and debris roll off the steps, and to improve traction, because a person leans backwards at a similar angle while holding the handrails as s/he climbs the ladder. He further testified that the nonskid surface of the ladder, consisting of raised bumps, is worn but adequate for the purpose of reducing slippage. Even plaintiffs' expert admitted that the handrails and the distance between the steps meet all standards of which he is aware. Howard considered the school's experience with the slide to be good, since the slide was in use for over 12 years with only one accident prior to Kade's, and *381 that accident did not involve a fall from the ladder. Further, Ward's principal, Robert Vincent, and janitors, Jessie Bias and Arthur Joseph, testified that problems with the playground are swiftly brought to the attention of the janitorial staff because teachers readily report problems, and the staff routinely inspects and maintains the playground. Finally, Howard opined that, even if the material at the foot of the ladder were concrete, this was a reasonable material to place beneath a slide because it minimizes the accumulation of mud and water at the base of the slide.
It was reasonable for the court and jury to credit Howard's testimony that the slide was not unreasonably dangerous over Barnidge's opinion to the contrary, even though the latter may have been equally reasonable. This determination depended solely on the fact finder's assessment of the experts' relative credibility. We must defer to that assessment because only the fact finder viewed the witnesses' demeanor, and Howard's testimony contains none of the internal inconsistency or inherent implausibility that has been considered sufficient to justify reversal of a fact finder's reliance on a witness's testimony. See Rosell, 549 So.2d 840. Our conclusion is bolstered by the school's long, unblemished record of safety regarding the slide ladder. Thus, even taking into account the young age of the students who used and were expected to use the slide, we cannot say that the fact finders erred manifestly in finding that the slide did not present an unreasonable risk of harm.

II. NEGLIGENCE
Although negligence and strict liability are distinct avenues of relief for damages resulting from a dangerous condition on land, the element of "unreasonable danger" is a requirement of proof common to both. Oster v. DOTD, 582 So.2d 1285 (La.1991). Consequently, our determination that the jury and trial court did not err manifestly in finding that the slide was not unreasonably dangerous in the context of plaintiffs' strict liability similarly precludes a finding of manifest error regarding the claim of negligence.

III. ADMISSION OF PHOTOGRAPHS
Plaintiffs argue that the trial court improperly excluded photographs of the slide taken four months after the accident that clearly showed exposed concrete. At that time, the School Board had taken the slide out of use and therefore ceased maintaining it. Plaintiffs contend that the photographs would have enabled them to impeach the testimony of two of defendants' witnesses who initially stated in their depositions that the photographs accurately depicted the circumstances of the slide at the time of the accident, but who subsequently stated that the accident scene was properly represented instead by other photographs, taken the day after the accident. The other photographs do not unequivocally reveal whether exposed concrete was present.
Extrinsic evidence of prior inconsistent statements is admissible to impeach a witness's credibility unless the probative value of the evidence is substantially outweighed by the risk of undue consumption of time, confusion of the issues, or unfair prejudice. La.Code Evid. art. 607(D)(2). In this case, the photographs' impeachment value is questionable, at best, and is clearly outweighed by concerns of prejudice and confusion, since the record already contained photographs taken the day after the accident instead of four months afterwards. Consequently, the district court did not err in refusing to admit the photographs.

CONCLUSION
For the foregoing reasons, we affirm the decision of the district court in favor of appellees. Costs are assessed against appellant, Joselyn M. Ortego.
AFFIRMED.