690 So.2d 765 (1996)
Telbia George MALLERY, Individually and on behalf of his minor children, Shelby Mallery, Telbia Mallery, Larissa Mallery; and Latricia Jacob Mallery, Individually, PlaintiffsAppellees,
v.
INTERNATIONAL HARVESTER COMPANY and Switzer Sales and Service, Inc., et al., DefendantsAppellants.
No. 96-321.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1996.
Rehearing Denied April 17, 1997.
*766 T. Robert Shelton, James Wattigny, Lafayette, for Telbia George Mallery.
Michael M. Noonan, Patrick John O'Cain, New Orleans, for Navistar International Transportation Corp.
Gregory Dwayne Maricle, Mandeville, for Aetna Casualty.
Raymond C. Jackson III, Lafayette, for Switzer Sales and American Hardware.
Lawrence Blake Jones, New Orleans, James Wattigny, Lafayette, for Latricia Jacob Mallery.
Franklin White Dawkins, Lafayette, for Domengeaux Wright Moroux & Roy.
Before KNOLL, WOODARD and DECUIR, JJ.
*767 WOODARD, Judge.
Plaintiffs filed a products liability suit against a manufacturer, a retailer, their insurers, and the State of Louisiana. The State of Louisiana was dismissed prior to trial. At trial, the jury found the manufacturer completely at fault for plaintiffs' damages and awarded them $2,100,000. The manufacturer appeals that decision. For the following reasons, we reverse.

FACTS
On the morning of December 2, 1991, the plaintiff, Telbia Mallery, an employee at Huey Dugas' sugarcane farms, was operating Dugas' 1983 International Model 3688 Hi-Clear tractor on Louisiana Highway 347. Mallery was towing two trailers loaded with sugarcane, weighing about twenty tons, to a sugar mill about five miles from Dugas' farm. The trailers, which had no brakes, were linked to each other by pins and chains and hitched to the tractor's drawbar with a pin. As Mallery proceeded down the highway and around a curve, driving at a rate of 5 to 6 miles per hour, the tractor veered to the left. Mallery steered hard to the right and applied the brakes. The tractor then "jackknifed," going off the right side of the road and overturning into a ditch, causing injury to Mallery.
Mallery, individually and on behalf of his three minor children, and his estranged wife filed suit against the manufacturer of the tractor, International Harvester Company (now Navistar International Transportation Corp.), the tractor dealer, Switzer Sales & Service, Inc., and the State of Louisiana. Plaintiffs later dismissed their claims against the State.
At the trial, Mrs. Mallery's claims for loss of consortium were voluntarily dismissed. The jury found Navistar completely at fault for plaintiffs' injuries and awarded them $2,100,000. Navistar's motions for directed verdict and JNOV were both denied. Navistar appeals the trial court's finding of liability and award of damages. Mallery sought an increase in the award of medical expenses but has abandoned that appeal. For the following reasons, we reverse.

FAILURE TO WARN
Navistar contends that it had no duty to warn of the risk of the tractor jackknifing because the risk was open and obvious and everyone in the cane farming community, including the plaintiff, knew of such a risk.
The Louisiana Products Liability Act (LPLA) "establishes the exclusive theories of liability for manufacturers for damage caused by their products." La.R.S. 9:2800.52. The LPLA provides, in pertinent part, that:
A. A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.
B. A manufacturer is not required to provide an adequate warning about his product when:
(1) The product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics; or
(2) The user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic.
C. A manufacturer of a product who, after the product has left his control, acquires knowledge of a characteristic of the product that may cause damage and the danger of such characteristic, or who would have acquired such knowledge had he acted as a reasonably prudent manufacturer, is liable for damage caused by his subsequent failure to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.
La.R.S. 9:2800.57.
To recover from a manufacturer, the plaintiff must prove that his damage *768 resulted from a condition of the product that made it unreasonably dangerous to an ordinary user during normal use. Halphen v. Johns-Manville Sales Corp., 484 So.2d 110 (La.1986). The normal use of a product includes all intended uses and all foreseeable uses and misuses of the product. Rey v. Cuccia, 298 So.2d 840 (La.1974). The product may be unreasonably dangerous if the manufacturer fails to provide an adequate warning of any danger inherent in the normal use of its product which is not within the knowledge of or obvious to the ordinary user. Bloxom v. Bloxom, 512 So.2d 839 (La.1987). However, the manufacturer has no duty to warn users about dangers which are common knowledge or which are obvious to the ordinary user. Delanzo v. ABC Corp., 572 So.2d 648 (La.App. 5 Cir.1990). To be relieved of the duty to warn, the manufacturer need not show that the user had actual knowledge of the danger; the manufacturer need show only that the user should have known of the danger. Goins v. Galion Mfg. Co., 626 So.2d 1200 (La.App. 3 Cir.1993), writ denied, 93-2888 (La.1/28/94), 630 So.2d 792. Furthermore, "sophisticated users" of a product may be presumed to know about the danger because of their familiarity with the product. Johnston v. Hartford Ins. Co., 623 So.2d 35 (La.App. 1 Cir.), writ denied, 626 So.2d 1170 (La.1993).
Whether defendant owes plaintiff a legal duty is a question of law; whether defendant has breached this duty is a question of fact. Phillips v. K-Mart Corp., 588 So.2d 142 (La.App. 3 Cir.1991). Thus, whether defendant owed plaintiff a duty is properly a question of law for the court to determine, while the question of whether plaintiff breached that duty is a determination for the jury. Appellate courts are generally precluded from reviewing a jury's findings of fact absent manifest or clear error. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). Where the trial court is faced with undisputed or uncontroverted facts, however, there is no factual determination for the jury to make, and the proper standard of review is not whether the jury's verdict was manifestly erroneous, but whether the trial court came to an improper legal determination, Maryland Cas. Co. v. Dixie Ins. Co., 622 So.2d 698 (La.App. 1 Cir.1993), writ denied, 629 So.2d 1138 (La.1993). After carefully reviewing the record in its entirety, we must conclude that the trial court erred in denying Navistar's motions for directed verdict and JNOV because, based on the uncontroverted evidence presented at trial, Navistar did not owe a legal duty to Mallery.
Professional truck drivers, trained to operate vehicles towing trailers, are sophisticated users, presumed to know the dangers, hazards and risks of towing trailers not equipped with brakes. Furthermore, the plaintiff, Telbia Mallery, testified that he was a professional truck driver with years of experience driving eighteen-wheelers hauling trailers, tankers and flatbeds and that he had eight months experience driving tractors with brakeless trailers at the time the accident occurred. Mr. Mallery also testified that he was well aware of the danger that a brakeless trailer loaded with sugarcane had the potential to jackknife. Indeed, Mansel Mayeux, an agricultural engineer, gave uncontradicted testimony that the danger of jackknifing is "an open and obvious danger" and one that is "well known by operators."
Plaintiff's expert, Dr. William Bliss, suggested that Navistar had a duty to place the following warning on the tractor:
Pulling a loaded wagon or implement heavier than the tractor is extremely dangerous unless the wagon/implement has its own brakes. Drive very slowly. Use tractor brakes with extreme caution.
Such a warning would only provide a sophisticated operator with information which was already common knowledge among operators and with information he is presumed to know. Thus, as a matter of law, Navistar had no duty to warn an operator, familiar with the product and with the dangers arising from its normal use or foreseeable misuse, that he should proceed with caution when towing brakeless carts.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. Costs of this appeal to be paid by plaintiff.
REVERSED.
KNOLL, J., concurs and assigns reasons.
*769 KNOLL, Judge, concurring.
I concur only to mention that plaintiff's claims are based in products liability for failure to warn. The issue then turns on whether the danger of jackknife was open and obvious, relieving Navistar of the duty to warn.
I agree with the majority that the danger of a jackknife was open and obvious to Telbia Mallery, a sophisticated user; therefore, Navistar owed no duty to warn. The record clearly established that it was common knowledge in the sugar cane industry of the danger of jackknife when towing freewheeling loaded carts. More importantly, Telbia Mallery, who held a commercial driver's license and considered himself a professional driver, testified that he knew a potential for jackknifing existed while hauling cane in freewheeling carts.
It is clear that the cause of the accident, i.e., the jackknife, was the absence of brakes on the two carts being towed. Telbia Mallery testified that the absence of brakes on the carts created a more serious hazard of jackknifing than the trailer of an eighteen wheeler "because an eighteen wheeler has brakes on it and you can avoid a jackknife." Farm equipment, such as the cane carts towed by Mallery, are specifically exempt under Louisiana law from braking requirements. La.R.S. 32:341.1.
In summary, the record conclusively shows that the danger of jackknife was open and obvious, and well known to Telbia Mallery, a sophisticated user. There is no question that Telbia suffered severe injuries as a result of this accident, and we are not insensitive to his plight. However, the claim against Navistar is not supported in law and must fall.