706 So.2d 1091 (1998)
Teresa SCOTT and Kenny Scott, Individually and on Behalf of The Minors, Kimberly Scott, Joshua Scott and Jacob Scott, Plaintiffs-Appellees,
v.
AMERICAN OLEAN TILE CO., INC., et al., Defendants-Appellants.
No. 97-1080.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1998.
*1092 Curtis Daniel Street, D. Randolph Street, Monroe, for Teresa Scott, et al.
James A. Bolen, Jr., Shannon J. Gremillion, Alexandria, for American Ocean Tile Co., et al.
George Snellings, IV, Monroe, for Teknor Apex Co.
Larry Alan Stewart, Alexandria, for Apache Mills.
Dannie P. Garrett, III, Baton Rouge, for Town of Jonesville.
Before COOKS, SAUNDERS and DECUIR, JJ.
DECUIR, Judge.
This is an appeal by plaintiffs, Teresa and Kenny Scott, individually and on behalf of their minor children, from the judgment of the trial court granting motions for directed verdict in favor of defendants, American Olean Tile Company, Inc., Teknor Apex Company, and Apache Mills, Inc.
Plaintiffs filed suit alleging that Teresa Scott sustained injuries on November 15, 1993, when she fell outside the front door of the town hall of Jonesville, Louisiana. At the time of the accident, Teresa Scott was employed by the Town of Jonesville as an assistant town clerk. Plaintiffs allege that immediately prior to the accident, Ms. Scott started out the door of the town hall to distribute payroll checks to town employees. It had been raining prior to the accident, and as plaintiff stepped through the front door onto the porch and onto the commercial mat outside the door, the mat allegedly slipped on the tile floor causing her to fall.
Plaintiffs allege that the tile on the porch in the area where the fall occurred was manufactured by defendant American Olean Tile Company, Inc., and that this tile was represented by said defendant to be slip resistant. Plaintiffs further allege that the mat in question was manufactured by defendant, Teknor Apex Company, and that this mat was represented by said defendant to be ideal for entryways and other commercial uses and suitable for outdoor use. Teknor third-partied Apache Mills, Inc., as the manufacturer of the mat in question. Thereafter, plaintiffs supplemented their petition to add Apache as a party defendant. Plaintiffs claim that the mat and tile were unreasonably dangerous products within the meaning of the Louisiana Products Liability Act (LPLA). The case was set for trial by jury. At the close of plaintiffs' case, defendants filed motions for directed verdict. The trial judge granted the motions dismissing plaintiffs' claims.
*1093 A motion for directed verdict is appropriately granted in a jury trial when, after considering all evidentiary inferences in the light most favorable to the party opposing the motion, it is clear that the facts and inferences are so overwhelmingly in favor of the moving party that reasonable persons could not arrive at a contrary verdict. A directed verdict is appropriate only when the evidence overwhelmingly points to one conclusion. Carter v. Western Kraft Paper Mill, 94-524 (La.App. 3 Cir. 11/2/94), 649 So.2d 541, citing Hastings v. Baton Rouge General Hospital, 498 So.2d 713 (La.1986).
The LPLA establishes the exclusive theories of liability for manufacturers for damage caused by their products in La.R.S. 9:2800.54, which provides in pertinent part as follows:
A. The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity.
B. A product is unreasonably dangerous if and only if:
(1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;
(2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56;
(3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or
(4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.
Plaintiffs base their claim against American Olean Tile Company, Inc. on three theories of liability under the LPLA, i.e., that the tile manufactured by American is unreasonably dangerous in construction or composition, that the tile is unreasonably dangerous because of inadequate warning, and that the tile is unreasonably dangerous for failure to conform to an express warranty. Plaintiffs' claims against Apache and Teknor are based upon two theories of liability under the LPLA, i.e., that the mat in question is unreasonably dangerous in construction or composition and that the mat is unreasonably dangerous because of inadequate warning.
Plaintiffs argue in brief that the jury could infer that the products sued upon were unreasonably dangerous from the circumstances surrounding the accident. The cases cited by plaintiffs in support of this contention are distinguishable and inapplicable to the instant case. Plaintiffs imply in brief that the trial court granted the motions for directed verdict because plaintiffs offered no expert testimony in support of their allegations against the defendants. Our review of the trial court's reasons do not support such a conclusion. Under the LPLA, plaintiff has the burden of proving that a product is unreasonably dangerous. La.R.S. 9:2800.54(D). Defects are not presumed by the mere occurrence of an accident. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992); Ortego v. Jefferson Davis Parish School Board, 95-13 (La.App. 3 Cir. 5/31/95), 657 So.2d 378, writ denied, 95-1669 (La.10/6/95), 661 So.2d 475; Francis v. American Well Service & Drilling, 617 So.2d 1329 (La.App. 3 Cir.1993); Jaeger v. Automotive Casualty Ins. Co., 95-2448 (La.App. 4 Cir. 10/9/96), 682 So.2d 292, writ denied, 96-2715 (La.2/7/97), 688 So.2d 498.
The trial court stated in oral reasons that although he found proof of the accident as alleged, he did not find any evidence of the specific characteristics required to render a product unreasonably dangerous under the law. Our review of the record confirms the trial court's findings.

Construction or Composition
First, plaintiffs contend that the tile and mat in question are unreasonably dangerous in construction or composition. La. R.S. 9:2800.55 provides:
A product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or *1094 performance standards for the product or from otherwise identical products manufactured by the same manufacturer.
Plaintiffs introduced absolutely no evidence of the defendant manufacturers' specifications or performance standards for the tile and mat or from otherwise identical products manufactured by the same manufacturers, and no evidence was presented as to whether the tile and the mat deviated in a material way from specifications or performance standards. Plaintiff testified that she never tested the mat in question, nor is she aware that anyone else tested the mat. When asked what information was obtained to support her allegation that the mat was defective, she stated that she did not know. Plaintiffs must prove the existence of a defect in construction or composition as defined by La.R.S. 9:2800.55. Clay v. International Harvester Co., 95-1572 (La.App. 3 Cir.5/8/96), 674 So.2d 398. Having presented no proof that the tile and mat are unreasonably dangerous in construction or composition, the trial court did not err in dismissing plaintiffs' claims as to this theory of liability.

Warning
Secondly, plaintiffs contend that the tile and mat are unreasonably dangerous due to inadequate warning. Pursuant to La. R.S. 9:2800.57(B), a manufacturer is not required to provide an adequate warning about its product when:
(1) The product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics; or
(2) The user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic.
To be relieved of the duty to warn, a manufacturer need not show that the user had actual knowledge of the danger, only that the user should have known of the danger. Goins v. Galion Mfg. Co., 626 So.2d 1200 (La.App. 3 Cir.1993), writ denied, 93-2888 (La.1/28/94), 630 So.2d 792. Thus, the issue turns on whether the danger of slipping or falling on the mat and tile under rainy conditions is open and obvious. See Mallery v. International Harvester Co., 96-321 (La. App. 3 Cir. 22/6/96), 690 So.2d 765.
A review of the evidence presented by plaintiffs reflects that the plaintiff, Theresa Scott, had walked on the same tile and mat or similar mat many, many times over the course of eleven months prior to the accident. She never slipped nor fell during the course of that eleven months either in wet or dry conditions, nor is she aware of anyone else falling in the eleven months prior to her accident. She knew it had been raining all day prior to the accident. She testified that people had been in and out of the Town Hall all day on the date of the accident and no one else slipped and fell. She knew before her accident that on occasion when it rained the tile and mat got wet. She continued to work after her accident until January 6, 1994. She never slipped and fell after her accident.
William "Billy" Edwards, Mayor of Jonesville, was called on behalf of plaintiff. Mayor Edwards testified he has received no reports of anyone slipping or falling either before or since plaintiff's accident. Mayor Edwards allowed plaintiffs' counsel to bring the mats to court. Mayor Edwards testified he intended to replace the mats at the Town Hall and various other places. He stated that he does not consider the mats unreasonably dangerous. Lee Ann Collins, utility clerk for the Town of Jonesville, testified that the porch where plaintiff fell is slick when wet and she always knew it was slick when wet. Ms. Collins testified that she has never slipped or fallen and knows of no one else who has fallen on the porch where plaintiff fell. Yolanda McClure, the Town Clerk at the time of plaintiff's accident, testified on behalf of plaintiff. Ms. McClure stated she went in and out of the building many times every day, even when conditions were wet, and never fell. Ms. McClure refused to characterize the porch as slippery when wet. She also testified plaintiff never complained to her about the porch before her accident, and plaintiff never asked for the mats or tile to be removed after the accident. Furthermore, she stated that since plaintiff's accident *1095 she has received no reports and has no knowledge of anyone slipping on any mats. Deborah Savage, another employee of the Town of Jonesville, testified that she has walked across the porch many times in all weather conditions. She has never fallen or complained to the mayor about the porch in rainy weather.
Jan Womack, a customer, was also called to testify on behalf of plaintiff. She stated she slipped once on the porch, but did not fall. She does not remember a mat at the door and stated she assumes there was no mat because "obviously" she would not have slipped on the mat. After her near fall, Ms. Womack testified she was more cautious when weather conditions were wet, and she never fell. She also never complained to anyone. Charles McMillin, also an employee of the Town of Jonesville called on behalf of plaintiff, testified he never had a problem walking on the porch or rug, and he never slipped or fell. He also testified he was not aware of anyone else slipping or falling. Finally, Walter Wilkerson, another Town employee, testified that he witnessed plaintiff's accident, but he does not know why she fell.
All the evidence presented by plaintiff proves is that the danger presented by the wet floor and mat was obvious, and that plaintiff knew and should have known of the alleged danger on walking on the mat and tile under the weather conditions present at the time of her accident. It is common knowledge that almost any floor surface requires added caution under such conditions. The only other witnesses called by plaintiff were her physicians and Perry Biars, vice president of Apache, Don Heflon, a former plant manager at American, and Al Parker, manufacturer's agent who sold mats for Teknor in 1992 to 1994. The testimony of these witnesses added nothing to plaintiff's claims that the tile and mat were defective under any theory.

Express Warranty
Finally, plaintiffs complain that the tile manufactured by American is unreasonably dangerous for failure to conform to an express warranty. La.R.S. 9:2800.58 provides:
A product is unreasonably dangerous when it does not conform to an express warranty made at any time by the manufacturer about the product if the express warranty has induced the claimant or another person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue.
The trial judge found that the tile installer's recommendations to use the tile installed on the front porch of the Town Hall and general statements contained in the tile catalog were not express warranties. We agree. Mayor Edwards testified that he selected the tile on the recommendation of the contractor to use non-skid tile. Mayor Edwards testified he knows of no surface that is "slip proof" in all types of weather, and that he is convinced the tile is a good slip resistant tile. Don Heflon, employed as a plant manager for American, testified that the tile is held out as being "slip resistant" and suitable for outdoor use. There was no evidence introduced by the plaintiffs that the tile in question was held out to be "slip proof," or that a "slip proof" tile does in fact exist.
Plaintiffs also contend in brief that the evidence presented at trial was sufficient to prove the mat in question was manufactured by Apache and also that Teknor manufactured the mat in question. The trial court did not rule on this issue, and we need not address it having found that plaintiffs failed to present any evidence to establish that the mat in question was defective under the LPLA.
Plaintiffs' evidence establishes that she slipped and that the floor is more slippery wet than dry. No evidence was offered to prove that the mat and the tile were defective. As previously stated, defects are not presumed by the mere occurrence of an accident. Reviewing the evidence in the light most favorable to plaintiffs, we conclude that the trial court did not err in granting the motions for directed verdict. The judgment of the trial court is affirmed. Costs of appeal are assessed to plaintiffs-appellants.
AFFIRMED.