718 So.2d 551 (1998)
Dwight DAMOND and Beatrice Pollock Damond
v.
AVONDALE INDUSTRIES, INC., et al.
No. 98-C-1275.
Court of Appeal of Louisiana, Fourth Circuit.
August 19, 1998.
Rehearing Denied October 15, 1998.
Michael H. Bagot, Jr., Thomas A. Rayer, Jr., Wagner & Bagot, Poydras Center, New Orleans, for Relator.
Gerolyn P. Roussel, Perry J. Roussel, Jr., Roussel & Roussel, LaPlace, for Plaintiffs-Respondents.
*552 Before SCHOTT, C.J., and BARRY and JONES, JJ.
SCHOTT, Chief Judge.
On the application of Pearl Specialty Sands, Inc., we grant certiorari in order to review the validity of a judgment of the trial court denying relator's motion for summary judgment. Plaintiff allegedly contracted silicosis when he was employed as a sandblaster using sand supplied by relator. The issue is whether relator had a duty to warn plaintiff of the danger he would encounter while sandblasting with the sand sold by relator to plaintiff's employer, Barnett Marine, Inc. Finding that there was no such duty, we reverse the judgment of the trial court and grant relator's motion for summary judgment.
Relator was in the business of selling ordinary sand. It simply collected sand, dried it, and separated it according to size. It sold the sand in 25 ton bulk shipments to Barnett, and on its invoices to Barnett the following warning was given: CAUTION: PRODUCT CONTAINS SILICA. FAILURE TO USE WITH PROPER SAFETY DEVICES MAY RESULT IN LUNG INJURY OR DISEASE.
In order for plaintiff to recover from relator he must prove that the harm to him resulted from the condition of the product, that the condition made the product unreasonably dangerous to normal use, and that the condition existed at the time the product left the manufacturer's control. Halphen v. Johns-Manville Sales Corp., 484 So.2d 110 (La.1986). In that case the court found that there are four categories of unreasonably dangerous products of which two are pertinent to this case, those that are unreasonably dangerous per se and those with any danger inherent in normal use not known or obvious to the user of which the manufacturer has not adequately warned.
Sand is not unreasonably dangerous per se. A natural substance, it constitutes a playground on the beach, and it has many uses from filling gardens and lawns to mixing with concrete to filling sandboxes. That sand may be a danger to a sandblaster is not the fault of the sand but in the use to which the sand is put. Nothing in the condition of the sand makes it unreasonably dangerous to normal use. However, the question becomes whether or not relator had a duty to warn plaintiff of the danger in using sand for sandblasting as opposed to some sedate use of the sand. This assumes that sandblasting is a normal use of sand. If that is so, Halphen tells us that it may be an unreasonably dangerous product if there was a danger in its use in sandblasting that was not known or obvious to the user of which the manufacturer had not adequately warned. In order to reach the duty to warn we must first assume that it is not obvious to all that when sand becomes airborne there is a danger to anyone who breathes the sand into his lungs. The remaining inquiry is whether the warning that relator gave to Barnett was adequate, whether relator had a duty to say more, and whether relator had a duty to give direct warning to plaintiff as an employee of Barnett.
OSHA regulations, found at 29 C.F.R. § 1910, et seq., provide detailed instructions on the equipment to be used in sandblasting. Barnett was presumed to have knowledge of these regulations. Barnett was a "sophisticated user" who was presumed to know of the dangers in the use of sand in sandblasting because of its familiarity with the product and the OSHA regulations governing its use. See Johnston v. Hartford Ins. Co., 623 So.2d 35 (La.App. 1 Cir.1993) writ denied, 626 So.2d 1170. Under these circumstances, the warning of Barnett's invoices was more than adequate. Barnett was aware of the problem, and surely much more than relator.
The final question is whether relator had a duty to provide plaintiff, as an individual user of the sand, with a warning of the danger of silicosis from sandblasting. This Court's decision in Longo v. E.I. Dupont De Nemours & Co., 632 So.2d 1193 (La.App. 4 Cir.1994) is helpful in supplying an answer. In that case plaintiff suffered injuries from a defective prosthesis manufactured by Vitek. Dupont manufactured and sold Teflon to Vitek, which the latter used in the manufacture of the prosthesis, but it owed no duty to warn plaintiff. Vitek was the manufacturer. And *553 while Dupont might have known that its product would be used in the manufacture of a prosthesis, Dupont had no control over the design, composition, testing, or manufacture of Vitek's products. In the same way, while relator might have known that its sand would be used in sandblasting, it had no control over how Barnett would conduct its operations in that regard. Finally, under the circumstances of this case, we cannot conclude that a supplier like relator could, as a practical matter, give warnings to those employed as sandblasters like the plaintiff. The warning it gave to Barnett was adequate, and it was Barnett's duty to comply with the safety requirements for its employees engaged in sandblasting.
We have concluded that, as a matter of law, relator had no duty to provide plaintiff with a warning, and the warning on its invoice, if necessary at all, was adequate. Accordingly, the judgment of the trial court denying relator's motion for a summary judgment is reversed, that motion is granted, and plaintiff's suit against relator is dismissed at his cost.
REVERSED AND RENDERED.