[!WOODARD, Judge.
The trial court awarded damages for personal injuries to Ms. Patricia Cornelius because a display of canned iced-tea boxes fell from its shelf in a Wal-Mart store (Wal-Mart) and injured her foot. The trial court assessed fifty percent liability to Ms. Dana Hotard, whose shopping cart, inadvertently, struck the display, causing the boxes of cans to fall, and fifty percent liability to Wal-Mart. Ms. Hotard appealed her liability assessment. Ms. Cornelius answered the appeal, seeking an increase in the damages award and a larger fault allocation against Ms. Hotard. We reverse the trial court’s award of fifty percent fault to Ms. Hotard, affirm its finding *818 of liability against Wal-Mart, increase its fault apportionment to 100%, and affirm the amounts awarded in damages.
On June 13, 1998, Ms. Cornelius went to a Wal-Mart store in Opelousas, Louisiana, with her husband and child. As she approached a display of boxed, canned, iced-tea twelve-packs, situated at the end of a shopping aisle, several boxes fell, one striking her. Just prior to the accident, Ms. Hotard had been proceeding down the aisle with her basket in front of her. When she stopped to get an item from the shelf, she let go of her basket. It rolled forward about a foot, striking the side of the display. One of the falling boxes hit Ms. Cornelius’ left foot. Some minutes later, in the emergency room, a doctor diagnosed her with a contusion to her left foot, which required using crutches. He prescribed pain medication and physical therapy.
On October 22, 1998, Ms. Cornelius filed suit for her injuries against Wal-Mart and Ms. Hotard. However, Ms. Cornelius died prior to trial from unrelated causes to this incident. The trial court heard the matter on October 27, 1999 and assessed each Defendant with fifty percent of the liability for the accident. It awarded Ms. Cornelius: $2,500.00 in general damages, $1,073.00 in medical specials, and $250.00 in lost wages. Ms. Hotard appeals, contesting the trial court’s finding of her fault. Ms. Cornelius answered the appeal, seeking an increase in damages and an increase in the apportionment of fault to Ms. Hotard.
The trial court’s ruling found both Defendants liable pursuant to La. Civ. Code arts. 2315, 2316, 2317, and La.R.S. 9:2800.6. Ms. Hotard observes that the trial court 1 abased its ruling on strict liability and negligence recovery theories. She contends that any recovery under La. Civ. Code arts. 2317 and 2317.1 is an erroneous application of those legal concepts in relation to her; that the trial court should have analyzed her liability solely under La.Civ.Code art. 2315, using the duty/risk analysis, and that using this analysis would absolve her from liability for this accident. We agree.
La.Civ.Code arts. 2317 and 2317.1
Article 2317 provides for liability for damages caused by “things which we have in our custody,” but only as modified by Article 2317.1. Article 2317.1 provides that the “owner or custodian of a thing” is liable for damage occasioned by its “ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.”
However, under either a negligence theory or strict liability theory of fault in accordance with these articles, we find that they are not applicable to this case. There is no proof that this accident was caused or was the result of a ruin, vice, or defect in the cart Ms. Hotard used that day.
La.Civ.Code art. 2315
Article 2315 is the foundation for a cause of action for negligence in our law. For liability to be imposed upon Ms. Ho-tard and Wal-Mart, Ms. Cornelius needed to prove negligence under the duty/risk analysis, for each Defendant. The analysis has five separate elements, and each one must be proven or there is to be a complete denial of recovery:
(1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element);
(2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element);
(3) the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries (the cause-in-fact element);
h(4) the defendant’s substandard conduct was a legal cause of the plaintiffs injuries (the scope of liability or scope of protection element); and
*819 (5) actual damages (the damages element).[1]
In deciding this case under the duty/risk analysis, we examine whether each of the Defendants owed a duty to Ms. Cornelius. The question of whether a duty exists is a question of law.[2] Appellate review of a question of law is simply a review of whether the lower court was legally correct or legally incorrect.[3] Whether a Defendant has breached a duty is a question of fact.[4]
Ms. Hotard
Ms. Hotard claimed that she did not run into the display inadvertently, but instead, she stopped the cart one foot from the display while she looked for an item on the aisle perpendicular to the display, and after she stopped and released the cart, it rolled forward into the display. There were no witnesses to contradict this.
It is undeniable that Ms. Hotard had a duty to control her cart in a reasonable way. This, we think she did. Shoppers in large stores like Wal-Mart routinely let go of their carts to reach for items on the store’s shelves. This is a commonplace occurrence. To release a cart, as happened here, is not substandard conduct and is entirely a reasonable thing for a shopper to do. The facts in this record simply do not support any other conclusion but that Ms. Hotard, in releasing her cart, did not breach any duty she might have had to control her cart in a reasonable way.
To find that Ms. Hotard had a duty to keep her hands on her cart at all times would impose a standard of conduct on this state’s shoppers that would be contrary Jjto human experience, and unreasonable. Accordingly, we find that Ms. Cornelius failed to prove that Ms. Hotard breached her duty.
Wal-Mart
Someone had stacked the canned, iced-tea boxes in a dangerous manner. Some of the iced-tea boxes at the end of the aisle extended four to six inches beyond the shelf into Ms. Hotard’s aisle.
The law requires a merchant to “keep the premises free of any hazardous conditions which reasonably might give rise to damage.”[5] Thus, Wal-Mart had a duty to stack its shelves in such a way that the goods would not easily fall onto a passing customer even if another customer’s cart, inadvertently, struck those goods or the shelves. It breached its duty, and that breach was this accident’s cause-in-fact, as well as its legal cause. Furthermore, Ms. Cornelius suffered personal injury damages as a result of Wal-Mart’s breach. Her proof is sufficient to support a finding of negligence against Wal-Mart.
The trial court assessed Wal Mart with fifty percent of the liability. We find this apportionment of fault to be clearly wrong.[6] At oral argument, counsel for Wal-Mart conceded that had the cases been properly stacked, none should have fallen when Ms. Hotard’s cart rolled into the display. In other words, Wal-Mart bears 100% of the fault for causing this *820 accident. In view of the evidence supporting this conclusion, we find that Wal-Mart must be assessed 100% of the fault and so amend the judgment.
Damages
Ms. Cornelius filed an answer to this appeal, seeking an increase in the general damages award from $2,500.00 to $3,500.00, as the lowest reasonable amount. The supreme court in Youn v. Maritime Overseas Corp.,[7] warned that “an appellate court should rarely disturb an award of general damages” and “only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the |Beffects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.”
Ms. Cornelius’ injury was a contusion to the left foot, requiring pain medication and physical therapy. She required crutches for a time, and she recovered in six months. She argues that her award was too low.
The record supports the trial court’s consideration of the type and degree of her injuries. It did not abuse its vast discretion. Thus, we affirm this part of the decision.
CONCLUSION
We reverse the trial court’s finding that Ms. Hotard was fifty percent responsible for this accident, affirm its finding of liability against Wal-Mart, increase its apportionment of fault to 100%, and affirm its award of $2,500.00 in general damages to Ms. Cornelius. We cast Wal-Mart with the costs of the appeal.
REVERSED IN PART, AFFIRMED IN PART, AND AMENDED.
AMY, J., dissents in part and assigns reasons.

. Mathieu v. Imperial Toy Corp., 94-952 (La.11/30/94); 646 So.2d 318, 322; see also Joseph v. Dickerson, 99-1046, 99-1188 (La.1/19/00); 754 So.2d 912.

. Harris v. Pizza Hut of La. Inc., 455 So.2d 1364 (La.1984); see also Ardoin v. City of Mamou, 96-54 (La.App. 3 Cir. 11/20/96); 685 So.2d 294.

. O’Niell v. Louisiana Power & Light Co., 558 So.2d 1235 (La.App. 1 Cir.1990); see also Ardoin, 685 So.2d 294.

. Mallery v. International Harvester Co., 96-321 (La.App. 3 Cir. 11/6/96); 690 So.2d 765, writ denied, 97-1323 (La.9/5/97); 700 So.2d 512 (citing Phillips v. K-Mart Corp., 588 So.2d 142 (La.App. 3 Cir.1991)).

. La.R.S. 9:2800.6(A).

. See Clement v. Frey, 95-1119 (La.1/16/96); 666 So.2d 607.

. 623 So.2d 1257, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).