1 .BYRNES, Judge.
The plaintiffs-respondents, Dwight and Beatrice Damond, filed suit against Southern Quikrete Products, Inc. (“Quikrete”) among other defendants, for damages sustained as a result of exposure to silica sand in his occupation as a sandblaster, allegedly manufactured by Quickrete among others.
The trial court denied Quikrete’s motion for summary judgment, Quikrete invoked the supervisory jurisdiction of this Court to review that adverse decision. This Court declined to grant the relief requested by Quikrete. (99-C-2267, unpublished).
Quikrete applied for relief to the Supreme Court which remanded to this Court:
[F]or briefing argument and opinion. See Damond v. Avondale Indus., 98-1275 (La.App. 4th Cir. 8/19/98), 718 So.2d 551, cert. Denied, 98-2854 (La.1/8/99), 735 So.2d 637.
We assume that this remand from the Supreme Court was a direction to either follow, distinguish or overrule the prior Damond decision of this Court cited in the remand.
|?IR that related matter (Id.) cited by the Supreme Court, the relator, Pearl Specialty Sands, Inc. was found to .be “in the business of selling ordinary sand. It simply collected sand, dried it, and separated it according to size.”
This Court held that: “Sand is not unreasonably. dangerous per se .... that sand may be a danger to a sandblaster is not the fault of the sand but in the use to which it is put.”
The Pearl Specialty Sands, Inc. warning label said only that:
Caution: Product Contains Silica. Failure to use with proper safety devices may result in lung injury or disease.
Plaintiffs-respondents allege that Qui-krete processed and refined the sand in question. This is more than Pearl Specialty Sands was found to have done by this court in our prior Damond decision. This Court found that Pearl Specialty Sands was doing no more than sorting, drying and bagging ordinary sand. The fact that Quikrete was allegedly doing more to alter the natural state of its sand than this Court found was true of Pearl Specialty Sands, coupled with the Quikrete warning that its sand be kept out of the reach of children, raises issues concerning the hazardous nature of Quikrete’s product that go beyond what this Court found to be true of Pearl Specialty Sands, Inc. This Court likened the Pearl Specialty Sands, *268 Inc. sand to beach sand, garden sand and sandbox sand, all of which may be safely handled by children, but the Quikrete product specifically warns against exposure to children. The Quikrete warning suggests that its product poses dangers regardless of “the use to which the sand is put.” This distinguishes the Quikrete product from this Court’s findings regarding the Pearl Speciality Sands product. In this case there is a genuine issue whether Quikrete’s product may be hazardous per se. Quikrete’s warning implies as much. There is a genuine issue as to whether laQuickrete’s sand is sand much as it is to be found in its natural state as this Court seemed to believe to be the case where Pearl Speciality Sands’s product was concerned, or whether it is sand that has been refined and processed by Quikrete in such a way as to transform it into a dangerous instrumentality.
Accordingly, we distinguish the Quikrete writ from that brought by Peal Specialty Sands, Inc.
Additionally, we stand by our original ruling that there is a genuine issue of material fact as to whether Mr. Damond actually worked with Quikrete sand.
Accordingly, we again deny Quikrete’s request for supervisory relief, and remand the case to the trial court for further proceedings consistent with this opinion.
WRIT DENIED; REMANDED.