588 So.2d 142 (1991)
David Allen PHILLIPS, et al., Plaintiffs-Appellants,
v.
K-MART CORPORATION, Defendant-Appellee.
No. 90-367.
Court of Appeal of Louisiana, Third Circuit.
October 2, 1991.
*143 Edward Larvadain, Alexandria, for plaintiff/appellant.
Gold, Weems, Bruser, Sues & Rundell, Peggy St. John, Alexandria, for defendant/appellee.
Before GUIDRY, YELVERTON and KNOLL, JJ.
GUIDRY, Judge.
On August 3, 1987, Edward Miles, a 19 year old, purchased a box of .357 Magnum ammunition from the K-Mart store in Alexandria, Louisiana. On August 6, 1987, Miles shot and killed Alberta Phillips with a handgun containing ammunition Miles had purchased from the K-Mart store. Later that same day, Miles died of a self-inflicted gunshot wound. The children of Alberta Phillips brought this wrongful death action against K-Mart. The jury returned a verdict in favor of K-Mart finding that plaintiffs failed to prove any fault or negligence on the part of K-Mart. Plaintiffs appeal. We affirm.
On appeal, plaintiffs contend that the trial judge erred in failing to find, as a matter of law, that K-Mart's conduct constituted negligence per se. In addition, plaintiffs argue that the jury erred in concluding that K-Mart was not negligent. Finally, plaintiffs argue that the trial judge erred in admitting into evidence a pamphlet entitled "Your Guide to Federal Firearms Regulations 1988-89".
The argument advanced by plaintiffs that K-Mart violated the Gun Control Act of 1968 in its sale of ammunition to Miles and that such violation constituted negligence per se is without merit. The doctrine of "negligence per se" has been repudiated in this state. Weber v. Phoenix Assurance Company of New York, 273 So.2d 30 (La.1973); Boyer v. Johnson, 360 So.2d 1164 (La.1978). Violation of a criminal statute does not automatically create civil liability. Armour v. Armour, 541 So.2d 371 (La.App.2d Cir.1989), writ denied, 546 So.2d 1217 (La.1989). Criminal statutes can be said to be mere guidelines for the court. Boyer v. Johnson, supra. Accordingly, *144 plaintiffs cannot rely upon the doctrine of negligence per se to establish liability on the part of K-Mart. Any potential liability of K-Mart must be based upon a finding employing general negligence principles.
In order to determine whether or not K-Mart was negligent, the duty-risk analysis should be employed. Under the duty-risk analysis, the following inquiries are made: (1) what, if any, duty was owed by defendant to plaintiff? (2) was there a breach of that duty? (3) was the breach of duty a substantial cause in fact of plaintiff's injury? (4) was the risk and harm within the scope of the protection afforded by the duty breached? Jones v. Robbins, 289 So.2d 104 (La.1974). Whether a defendant owes a plaintiff a legal duty is a question of law. Whether a defendant has breached a duty owed is a question of fact. Annis v. Shapiro, 517 So.2d 1237 (La.App. 4th Cir.1987).
Plaintiffs assert that K-Mart owed a duty to their mother to comply with the statutory provisions of the federal Gun Control Act of 1968 in its sale of ammunition to Miles. In addition, plaintiffs contend that K-Mart owed a duty to properly train its firearm and ammunition sales clerks to know what signs to look for in assessing a customer's mental competency.
Under the Gun Control Act of 1968 it is unlawful for a licensed dealer, such as K-Mart, to sell ammunition to any individual who a licensee knows or has reasonable cause to believe is less than 18 years of age and, if the ammunition is for a firearm other than a shotgun or rifle, it is unlawful to sell the ammunition to any individual the licensee knows or has reasonable cause to believe is less than 21 years of age. Further, it is unlawful for a licensed dealer to sell any firearm or ammunition to any individual the dealer knows or has reasonable cause to believe has been adjudicated a mental defective or has been committed to any mental institution. 18 U.S.C. Section 922.
While we entertain serious doubt concerning whether or not K-Mart owed a duty to plaintiffs' mother to comply with the Gun Control Act, we pretermit any discussion in this regard because we conclude that K-Mart did not violate the provisions of the Gun Control Act of 1968.
In their appellate brief, plaintiffs contend that K-Mart violated the Gun Control Act by selling. 357 Magnum ammunition to Miles because he was under the age of 21. Evidence in the record refutes this contention. According to Kevin Tadlock, the store clerk who sold the ammunition to Miles, he asked what type of weapon Miles intended to use the ammunition in and Miles responded that the ammunition was to be used in a rifle. Ammunition for use in a rifle cannot be sold to an individual who is less than 18 years of age. 18 U.S.C. Section 922. The record establishes that Miles was 19 years of age at the time of the purchase. According to Tadlock, he checked Miles' identification card to verify his age. Lee Stagg, an expert gunsmith, testified that .357 Magnum ammunition is interchangeable ammunition, i.e., it can be used in either a rifle or pistol. Tadlock testified that Miles indicated that he was purchasing the bullets in order to do some target practicing or hunting with his rifle. Tadlock presented Miles with two brands of ammunition and Miles chose the cheaper of the two brands which was consistent with his statement that he intended to use the ammunition for target practice. Under the circumstances, the sale of ammunition to Miles was in accordance with the provisions of 18 U.S.C. Section 922. Hence, no breach of duty occurred in this regard.
Plaintiffs next contend that Miles was mentally incompetent when he purchased the ammunition from K-Mart, consequently, K-Mart violated the provisions of Section 922 by selling ammunition to an individual who was mentally incompetent.
In Phillips v. Roy, 431 So.2d 849 (La. App.2d Cir.1983), the court held that a licensed seller of a handgun has a duty imposed by the Gun Control Act of 1968 to spend a reasonable time observing each customer for signs of mental disturbance or instability. See, Note, TORTSLIABILITY OF A GUN DEALER FOR SELLING *145 TO A "MENTAL INCOMPETENT", 58 Tul.L.Rev. 1263 (1984).
Plaintiffs rely principally on the testimony of Miles' mother, Johnetta Vercher, to establish that Miles was mentally incompetent at the time he purchased the ammunition. According to Vercher, her son had attempted to commit suicide in March of 1987 by injecting himself with a poisonous substance. However, Vercher was unable to offer any testimony regarding Miles' mental state at the time of the ammunition purchase.
Applying the Phillips rationale to the present case, we conclude that the jury could have reasonably concluded that K-Mart's employee did not violate his duty to observe Miles for signs of mental instability. The record does not support a finding that Miles exhibited any signs of mental instability that should have alerted Tadlock. Tadlock testified that he observed Miles for a few minutes during the sales transaction and saw nothing in Miles' demeanor or conduct to suggest mental instability. He stated that Miles was polite and calm during the entire transaction. Therefore, we find no breach of K-Mart's duty in this regard.
Plaintiffs next argue that K-Mart breached its duty to properly train its firearm and ammunition sales clerk to know what signs to look for in assessing a customer's mental competency. The court in Phillips did observe that the defendant gun dealer in that case did not give its employees any "elementary training concerning manifestations of mental incompetence". Phillips v. Roy, at 851. However, the court in Phillips did not hold that gun sellers are required to train their employees in such techniques. Although K-Mart failed to give its employees elementary training "concerning manifestations of mental incompetence", no such duty is imposed by the Gun Control Act on licensed dealers. Hence, plaintiffs' argument is without merit.
Plaintiffs final argument concerns an evidentiary matter. Over the objection of counsel for plaintiffs, defendant was allowed to introduce into evidence a pamphlet prepared by the United States Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms entitled "Your Guide to Federal Firearms Regulation 1988-89". We find no error in the admission of the pamphlet into evidence. See La.C.E. arts. 202 and 902. The pamphlet contained federal regulations of an administrative agency of the United States which is entitled to be judicially noticed. Consequently, this argument is without merit.
In sum, we determine that the jury did not err in concluding that Alberta Phillips' death was not caused by any fault or negligence on the part of K-Mart.
For these reasons, the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.