900 P.2d 15

**Alvin C. BELL, Plaintiff–Appellant,**

v.

**SMITTY'S SUPER VALU, INC.,
an Arizona corporation,
Defendant–Appellee.**

**No. 1 CA–CV 93–0255.**

Court of Appeals of Arizona,
Division One,
Department C.

July 25, 1995.

Earl Terman Law Offices by Earl Terman, Robert Steven Sharp, Phoenix, for plaintiff-appellant.

Jennings, Strouss & Salmon, P.L.C. by H. Christian Bode, James M. Ackerman, David B. Earl, Phoenix, for defendant-appellee.

## OPINION

McGREGOR, Judge.

The primary issue on this appeal is whether the sale of ammunition usable in both a rifle and a handgun violates a federal law

that prohibits the sale of ammunition other than for a rifle or shotgun to persons less than twenty-one years of age. We agree with the trial court that federal law allows the sale of interchangeable ammunition to persons over age eighteen.

## I.

In June 1989, Shaun Russell shot Alvin C. Bell with a handgun, seriously injuring him.[1] Russell, who was twenty years old at the time, purchased the .44 caliber hollow point ammunition used in the shooting from Smitty's Super Valu, Inc. (Smitty's). This type of ammunition is usable in either a handgun or a rifle.

In June 1991, Bell filed suit against Smitty's, Russell, and others. Bell alleged that Smitty's negligently sold Russell handgun ammunition, in violation of 18 U.S.C. section 922.b.1 (the statute), which prohibits the sale of handgun ammunition to a person under the age of twenty-one.

Smitty's moved for summary judgment, arguing that it did not violate the statute by selling the ammunition to Russell and that the statute of limitations barred Bell's claim. The trial judge granted Smitty's motion, concluding that the statute "does not prohibit the sale of ammunition to an individual under 21 years of age where the ammunition can be used in both a handgun and a shotgun or rifle." Finding no just reason for delay, the judge entered judgment in favor of Smitty's pursuant to Rule 54(b), Arizona Rules of Civil Procedure. Bell timely appealed.

## II.

## A.

To determine whether the trial judge correctly concluded that Smitty's ammunition sale to Russell did not violate the statute, we turn first to the statutory language. *See State v. Korzep,* 165 Ariz. 490, 493, 799 P.2d 831, 834 (1990). The relevant portion of the statute provides:

> (b) *It shall be unlawful* for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector *to sell* or deliver—
>
> (1) any firearm or *ammunition* to any individual who the licensee knows or has reasonable cause to believe is less than eighteen years of age, and, if the firearm or ammunition is *other than* a shotgun or rifle, or *ammunition for a shotgun or rifle, to any individual* who the licensee knows or has reasonable cause to believe is *less than twenty-one years of age* ...

18 U.S.C. § 922.b.1 (emphasis added). The applicable federal regulation similarly forbids the sale of ammunition, other than ammunition for a shotgun or rifle, to any individual who the dealer knows or has reasonable cause to believe is less than twenty-one years of age. 27 C.F.R. § 178.99.b. These provisions clearly prohibit the sale of ammunition not usable in a shotgun or rifle to persons under the stated age. The question is whether, as Bell contends, the prohibition extends to the sale of interchangeable ammunition that is usable in a shotgun or rifle as well as a handgun. If it does, Bell contends, Smitty's sale to Russell violated the statute and constitutes negligence *per se. Crown v. Raymond,* 159 Ariz. 87, 89–90, 764 P.2d 1146, 1148–49 (App.1988); *see also Brannigan v. Raybuck,* 136 Ariz. 513, 515–18, 667 P.2d 213, 215–18 (1983) (illegal sale of alcohol to minors is negligence *per se* ); *cf. Hetherton v. Sears, Roebuck & Co.,* 593 F.2d 526, 530 (3d Cir. 1979) (sale of interchangeable ammunition violated Delaware law and was negligence *per se* ). *But see Hulsman v. Hemmeter Dev. Corp.,* 65 Haw. 58, 647 P.2d 713, 720 (1982) (federal gun control statutes do not create civil liability). If the prohibition does not extend to interchangeable ammunition, Smitty's did not violate the statute.

The only case the parties cite that addresses the specific issue before us, and we have found no others, held that the sale to a nineteen year old of ammunition that can be used in either a rifle or a handgun does not violate 18 U.S.C. section 922. *Phillips v. K-*

---

**1.** For the purposes of this appeal, the parties agree to the material facts; thus, we review the application of Arizona and federal law to the facts *de novo. Gonzalez v. Satrustegui,* 178 Ariz. 92, 97, 870 P.2d 1188, 1193 (App.1993).

*Mart Corp.*, 588 So.2d 142, 144 (La.Ct.App. 1991). *But see Fly v. Cannon*, 836 S.W.2d 570, 575 (Tenn.Ct.App.1992) (court assumed, without deciding, that the sale of .44 magnum ammunition to a person under age twenty-one was in violation of 18 U.S.C. section 922.b.1). Our analysis leads us to the same conclusion reached in *Phillips.*

The statutory language is most consistent with the conclusion that it does not extend to interchangeable ammunition. The statute does not prohibit the sale of ammunition *usable in handguns* to those under age twenty-one; rather, it prohibits the sale of ammunition *other than that for use in a shotgun or rifle.* Interchangeable ammunition, because it is usable in a shotgun or rifle, cannot be ammunition *other than* that for use in a shotgun or rifle. If Congress had intended to prohibit the sale of all ammunition usable in handguns, regardless of its suitability for long guns, Congress could have so stated. *See Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983). The statutory language thus indicates that Congress intended to allow persons over the age of eighteen access to ammunition usable in rifles or shotguns, even if the ammunition also is usable in handguns.

The statute's legislative history also is consistent with our interpretation. Although nothing in the legislative history expressly addresses interchangeable ammunition, the legislative history of the Gun Control Act of 1968 does suggest that Congress intended to balance the need to regulate sales of firearms to control crime with the public's access to firearms for hunting, personal protection, and other lawful activities. S.Rep. No. 1097, 90th Cong., 2d Sess. (1968), *reprinted in* 1968 U.S.C.C.A.N. 2112 at 2113–14. Congress therefore regulated the sale of ammunition for both long guns and handguns, but gave persons over age eighteen and under twenty-one greater access to rifle and shotgun ammunition than to ammunition usable solely in handguns. H.R.Rep. No. 1577, 90th Cong., 2d Sess. (1968), *reprinted in* 1968 U.S.C.C.A.N. 4410, 4413–14, 4419.

We therefore conclude that Smitty's did not violate the statute in selling the ammuni-tion to Russell and, therefore, was not negligent *per se.*

**B.**

Bell also asserts that he can bring a common law negligence action arising out of Smitty's sale of the ammunition. We disagree.

■ To maintain a common law negligence action, a plaintiff must show that the defendant owed a duty to the plaintiff. *Rogers v. Retrum*, 170 Ariz. 399, 400, 825 P.2d 20, 21 (App.1991). The court determines, as a matter of law, whether a defendant owes a plaintiff a duty that obligates the defendant to act reasonably in light of foreseeable and unreasonable risks. *Id.; Lasley v. Shrake's Country Club Pharmacy, Inc.*, 179 Ariz. 583, 586, 880 P.2d 1129, 1132 (App.1994). Whether the risk was unreasonable "merges with foreseeability to set the scope of the duty of reasonable care." *Rogers*, 170 Ariz. at 402, 825 P.2d at 23. Although the trier of fact ordinarily decides whether a risk was unreasonable, "in approaching the question of negligence or unreasonable risk, the courts set the outer limits. A jury will not be permitted to require a party to take a precaution that is clearly unreasonable. . . ." *Id.* (*citing* 3 F. Harper et al. *The Law of Torts* § 15.3, at 355–57 (2d ed. 1986)) (internal quotations omitted).

■ A common law negligence action could exist under the facts of this case only if Smitty's had reason to foresee Russell's illegal actions. *See Crown*, 159 Ariz. at 90, 764 P.2d at 1149 ("If [purchaser] had been 22 when she purchased the gun from [defendant], we would require that she have exhibited some type of conduct which would have triggered a warning in [defendant's] mind about her intended use of the gun."); *see also Drake v. Wal–Mart, Inc.*, 876 P.2d 738, 741 (Okl.Ct.App.1994) (to maintain private right of action, plaintiff must show that handgun seller not only violated federal statute, but also had reason to expect gun would be used for illegal purpose).

Nothing in the allegations of Bell's complaint or the stipulated facts indicates that Smitty's could reasonably foresee Russell's intended use of the ammunition: Russell was

not a minor, and he demonstrated no aberrant behavior. *Cf. Cullum & Boren–McCain Mall, Inc. v. Peacock*, 267 Ark. 479, 592 S.W.2d 442, 444 (1980) (purchaser of gun acted suspicious and allegedly asked sales clerk which gun would "make a big hole in a man"); *Olson v. Ratzel*, 89 Wis.2d 227, 278 N.W.2d 238, 250 (1979) (permitting common negligence action for selling handgun to a minor). Under these facts, requiring Smitty's to protect others from Russell's illegal behavior would require Smitty's to take a precaution that is clearly unreasonable. *See Rogers*, 170 Ariz. at 402, 825 P.2d at 23.

## III.

For the foregoing reasons, we affirm the trial court's judgment.

NOYES, P.J., and GRANT, J., concur.