NUMBER 13-04-00611-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


GREAT WEST CASUALTY CO., Appellant,


v.



ROBERT GARZA, RAFAEL GARZA,

REYNALDO GARZA, AND 

EL RANCHO TOWING & RECOVERY , Appellees.

 


On appeal from the 93rd District Court of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Hinojosa



 Appellant, Great West Casualty Company, sued appellees, Robert Garza, Rafael
Garza, Reynaldo Garza, and El Rancho Towing & Recovery, for negligence, negligence
per se, and conversion. Appellees filed two motions for summary judgment, and the trial
court granted both motions. See Tex. R. Civ. P. 166a(c), (i). In four issues, appellant
contends the trial court erred in granting the motions. We affirm in part and reverse and
remand in part.

A. Factual & Procedural Background


 On November 5, 2001, Aaron Olabarrieta, a former employee of Spirit Truck Lines,
stole a trailer from Spirit's facility in San Juan, Texas. The trailer, which was licensed in
Oklahoma, contained 2,058 cases of beer valued at approximately $20,000. The beer was
a perishable commodity and could not be sold after February 24, 2002. Spirit promptly
reported the trailer stolen to its insurer, Great West Casualty Company, and the San Juan
Police Department.

 After midnight on November 6, 2001, Olabarrieta drove the truck to appellees'
vehicle towing and storage facility in San Juan, approximately five miles from Spirit's
facility. Olabarrieta told appellees that he was having mechanical difficulties with the truck
tractor and asked to leave the trailer at their storage facility for a few days. Appellees
allowed Olabarrieta to leave the trailer there as a favor, and no contract was made
regarding this storage. Olabarrieta never returned for the trailer, and after four days,
appellees checked the trailer's registration and learned that it was registered to Spirit. 
Appellees contacted the McAllen Police Department and the Hidalgo County Auto Theft
Task Force and were told that the trailer had not been reported stolen. Appellees never
contacted the San Juan Police Department.

 On March 7, 2002, four months after receiving the trailer, appellees mailed Spirit a
bill for "towing and storing" the trailer. By that time, the beer had been unsaleable for
several weeks, and appellant had already compensated the owner for the loss of the cargo. 
Appellant sued appellees for (1) negligence in the operation of a motor vehicle storage
facility, (2) negligence per se for violating the abandoned vehicle reporting requirements
of the Texas Transportation Code, (3) negligence per se as a vehicle storage facility under
the Texas Occupations Code, and (4) conversion of the trailer. (1) Appellees filed two
motions for summary judgment.

 In their first motion, a no-evidence motion for summary judgment, appellees
asserted there was no evidence that the trailer was abandoned as required by the Texas
Transportation Code. See Tex. R. Civ. P. 166a(i). The trial court granted appellees' first
motion on May 10, 2004.

 In their second motion, a traditional motion for summary judgment, appellees
asserted that (1) the Texas Occupations Code did not apply in this case, and (2) regarding
appellant's claim for conversion, that (a) appellant lacked standing, (b) the trailer was not
acquired unlawfully, and (c) appellees never refused appellant's demand to return the
trailer. See Tex. R. Civ. P. 166a(c). The trial court granted appellees' second motion on
September 27, 2004 and dismissed all of appellant's claims. This appeal ensued.

B. Common Law Negligence


 Appellant sued appellees for negligence in operating a motor vehicle storage facility. 
In its first issue, appellant contends the trial court erred in granting a summary judgment
against it on its common law negligence claim.

 To prove a negligence claim, a plaintiff must show that (1) the defendant owed him
a duty, (2) the defendant breached that duty, and (3) the breach of that duty proximately
caused the plaintiff's injuries. Firestone Steel Prod. Co. v. Barajas, 927 S.W.2d 608, 613
(Tex. 1996). Duty is the threshold inquiry; a plaintiff must prove the existence and violation
of a duty owed to him by the defendant to establish liability in tort. Abalos v. Oil Dev. Co.,
544 S.W.2d 627, 631 (Tex. 1976). The existence of a duty is ultimately a question of law
for the trial court to decide from the facts surrounding the occurrence in question. Greater
Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990).

 A court may not grant more relief than is requested by the movant in a motion for
summary judgment. See Tex. R. Civ. P. 166a; Lehmann v. Har-Con Corp., 39 S.W.3d 191
(Tex. 2001). Although the trial court's summary judgment order purports to dispose of all
claims, the record reflects that appellees never moved for summary judgment on
appellant's common law negligence claim. Therefore, we conclude the trial court erred in
granting summary judgment on appellant's common law negligence claim. Appellant's first
issue is sustained.

 C. No-Evidence Motion for Summary Judgment


 Appellants sued appellees for negligence per se under the Texas Transportation
Code. Appellees moved for summary judgment on the ground that there was no evidence
the trailer was abandoned.

1. Standard of Review


 Because appellees filed a no-evidence motion for summary judgment, we consider
all evidence in the light most favorable to appellant and disregard all evidence and
inferences to the contrary. Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex.
2002); Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). A
no-evidence summary judgment is essentially a pre-trial directed verdict, and we apply the
same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply
in reviewing a directed verdict. King Ranch v. Chapman, 118 S.W.3d 742, 750-51 (Tex.
2005). A no-evidence motion for summary judgment must be granted if (1) the movant
asserts that there is no evidence of one or more specified elements of a claim or defense
on which the respondent would have the burden of proof at trial, and (2) the respondent
produces no evidence raising a genuine issue of material fact on those elements. ABB
Kraftwerke Aktiengesellschaft v. Brownsville Barge & Crane, Inc., 115 S.W.3d 287, 290-91
(Tex. App.-Corpus Christi 2003, pet. denied); see Tex. R. Civ. P. 166a(i). If, as here, a
motion for summary judgment is granted generally, without specifying the reason, the
summary judgment will be upheld if any ground in the motion can be sustained. Carr v.
Brasher, 776 S.W.2d 567, 569 (Tex. 1989).

 A no-evidence motion for summary judgment is improperly granted if the respondent
brings forth more than a scintilla of probative evidence to raise a genuine issue of material
fact. Tex. R. Civ. P. 166a(i); Wal-Mart, 92 S.W.3d at 506. Less than a scintilla of evidence
exists when the evidence is "so weak as to do no more than create a mere surmise or
suspicion" of a fact. Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). More
than a scintilla of evidence exists when the evidence "rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions." Merrell Dow Pharms.,
953 S.W.2d at 711.

2. Negligence per se - Texas Transportation Code


 In its second issue, appellant asserts that under chapter 683 of the Texas
Transportation Code, appellees owed it a duty to notify the proper law enforcement agency
that the trailer had been abandoned. The violation of a statutory duty constitutes
negligence per se so long as the statute was intended to prevent injury to the class of
individuals to which the plaintiff belongs. Wal-Mart Stores v. Tamez, 960 S.W.2d 125, 128
(Tex. App.-Corpus Christi 1997, no pet.). The transportation code imposes a duty upon
the owner or operator of a vehicle storage facility to report abandoned motor vehicles to
a law enforcement agency. Tex. Trans. Code Ann. § 683.031(c) (Vernon 2006). A vehicle
is considered abandoned: 

if the vehicle is left in a storage facility operated for commercial purposes
after the tenth day after the date on which . . . the vehicle was left in the
facility, if the vehicle was left by a person other than the registered owner or
a person authorized to have possession of the vehicle under a contract of
use, service, storage, or repair.


§ 683.031(a)(3). The interpretation of this clause of section 683.031 is at issue here.

 When we interpret a statute, we look to the legislative intent and construe the
statute to give effect to that intent. Lee-Hickman's Invs. v. Alpha Invesco Corp., 139
S.W.3d 698, 700 (Tex. App.-Corpus Christi 2004, no pet.). When possible, we will discern
the legislative intent from the plain words of the statute. Id.

 Appellees contend that section 683.031(a)(3) must be read to mean that the vehicle
must have been left at the facility "under a contract of use, service, storage, or repair" for
it to be considered abandoned. Tex. Trans. Code Ann. § 683.031(a)(3). However,
appellees' interpretation of section 683.031(a)(3) is not the natural reading of the statute. 
The words "under a contract of use, service, storage, or repair" clearly modify the
immediately preceding words "a person authorized to have possession of the vehicle," not
the earlier clause "the vehicle was left in the facility." In fact, the phrase "the vehicle was
left in the facility" precedes a comma which separates the phrase from the rest of the
sentence. Thus, we apply section 683.031(a)(3) in this manner.

 Appellant filed a response to appellees' no-evidence motion for summary judgment
and attached copies of: (1) a license issued by the State of Texas to appellees,
authorizing them to operate a vehicle storage facility; (2) the deposition testimony of
Roberto Garza; and (3) appellees' answers to appellant's interrogatories. This summary
judgment evidence provided more than a scintilla of evidence that appellees operate their
storage facility for commercial purposes, and Olabarrieta was not the vehicle's registered
owner, nor was he "a person authorized to have possession of the vehicle under a contract
of use, service, storage, or repair." Id. § 683.031(a)(3). Therefore, appellees should have
considered the trailer abandoned on November 16, 2001, the tenth day after it was left at
their facility, and appellees owed a duty to report the trailer as abandoned to a law
enforcement agency. Id. § 683.031(c).

 Law enforcement officials owe a duty to a vehicle's registered owner to notify the
owner regarding any abandoned motor vehicle reported by a vehicle storage facility. Tex.
Trans. Code. Ann. § 683.012(a)(1) (Vernon 2006). Thus, chapter 683 of the Texas
Transportation Code imposes a duty on a vehicle storage facility owner to report
abandoned vehicles to a law enforcement agency for the benefit of the vehicle's owner. 
See Tamez, 960 S.W.2d at 128.

 Because the trailer was abandoned, appellees owed Spirit a statutory duty to report
the vehicle to a law enforcement agency on the tenth day after Olabarrieta left it at their
facility. Accordingly, we conclude the trial court erred in granting summary judgment on
appellant's negligence per se claim under the Texas Transportation Code. Appellant's
second issue is sustained.

D. Traditional Motion for Summary Judgment


 Appellant sued appellees for negligence per se under the Texas Occupations Code
and for conversion of the trailer. Appellees filed a traditional motion for summary judgment
asserting (1) that the Texas Occupations Code did not apply in this case and (2) as to the
conversion claim, that (a) appellant lacked standing, (b) the trailer was not acquired
unlawfully, and (c) appellees never refused appellant's demand to return the trailer.

1. Standard of Review


 We review de novo a trial court's grant or denial of a traditional motion for summary
judgment. Tex. R. Civ. P. 166a(c); Ortega v. City Nat'l Bank, 97 S.W.3d 765, 771 (Tex.
App.-Corpus Christi 2003, no pet.) (op. on reh'g). The movant bears the burden of
showing both no genuine issue of material fact and entitlement to judgment as a matter of
law. Tex. R. Civ. P. 166a(c); Ortega, 97 S.W.3d at 771. In deciding whether there is a
genuine issue of material fact, we take evidence favorable to the non-movant as true.
Ortega, 97 S.W.3d at 771. We make all reasonable inferences and resolve all doubts in
favor of the non-movant. Id. Summary judgment for a defendant is proper if the defendant
disproves at least one element of each of the plaintiff's claims or affirmatively establishes
each element of an affirmative defense to each claim. Id. The non-movant has no burden
to respond to a traditional motion for summary judgment unless the movant conclusively
(1) establishes each element of its cause of action or defense, or (2) negates at least one
element of the non-movant's cause of action or defense. Id.


2. Negligence per se - Texas Occupations Code


 In its third issue, appellant contends that appellees owed it a duty under chapter
2303 of the Texas Occupations Code, otherwise known as the Vehicle Storage Facility Act
("the Act"), to notify Spirit that the trailer had been abandoned.

 The provisions of the Act do not apply to vehicles stored by a vehicle storage facility
with the owner's consent. 43 Tex. Admin. Code § 18.81(b) (2006). An individual who is in
possession of the vehicle is not necessarily the owner. 43 Tex. Admin. Code § 18.82(13)
(2006). Although Olabarrieta was in possession of the trailer on November 6, 2001, his
consent to the storage was irrelevant. Because Spirit did not consent to the storage of the
trailer, the provisions of the Act apply.

 An operator of a vehicle storage facility who receives a vehicle that is registered in
another state is required to send notification to the registered owner of that vehicle no later
than fourteen days after the date it is stored. Tex. Occ. Code Ann. § 2303.151(b) (Vernon
2006). Because the stolen trailer was registered in Oklahoma, we conclude that appellees
had a statutory duty to notify Spirit no later than fourteen days after Olabarrieta left the
trailer at their storage facility.

 We conclude the trial court erred in granting summary judgment on appellant's
negligence per se claim under the Texas Occupations Code. Appellant's third issue is
sustained.

3. Conversion of Trailer


 In its fourth issue, appellant contends the trial court erred in granting appellees'
motion for summary judgment on its conversion claim.

 Conversion is the unauthorized and wrongful assumption and exercise of control
over the property of another, to the exclusion of or inconsistent with the owner's rights. 
Waisath v. Lack's Stores, Inc., 474 S.W.2d 444, 445 (Tex. 1971). Conversion is
established by proving that (1) the plaintiff owned, had legal possession of, or was entitled
to possession of the property, (2) the defendant assumed and exercised dominion and
control over the property in an unlawful and unauthorized manner, to the exclusion of and
inconsistent with the plaintiff's rights, and (3) the defendant refused the plaintiff's demand
for the return of the property. Huffmeyer v. Mann, 49 S.W.3d 554, 558 (Tex. App.-Corpus
Christi 2001, no pet.) (citing Akin v. Santa Clara Land Co., Ltd., 34 S.W.3d 334, 344 (Tex.
App.-San Antonio 2000, pet. denied)). 

 Although a demand for return and refusal must ordinarily be made for a conversion
to occur, there are some exceptions to this general rule, such as when a demand would
have been useless, or the possessor's acts are a clear repudiation of the lawful owner's
rights. Emil v. Bures, 806 S.W.2d 935, 938 (Tex. App.-Corpus Christi 1991, no writ). For
example, when the possessor resells the property, a demand for return of the property is
unnecessary to establish conversion, because such a demand would be useless and the
act of resale is clearly inconsistent with the lawful owner's rights. Shaw's D.B. & L., Inc.
v. Fletcher, 580 S.W.2d 91, 95 (Tex. Civ. App.-Houston [1st Dist.] 1979, no writ).

 Appellees conclusively established that Spirit did not demand the return of its trailer
until March 2002, and that no exception to the requirement that appellant demand the
return of the trailer exists here. Appellant failed to rebut this showing by raising a genuine
issue of material fact in response. Allowing the trailer to sit on appellees' lot was not
inconsistent with Spirit's ownership, and a demand by Spirit for the trailer's return would
certainly not have been useless, given appellees' willingness to return the trailer to Spirit
in March. We conclude the trial court did not err in granting appellees' motion for summary
judgment on appellant's conversion claim. Appellant's fourth issue is overruled.

E. Conclusion


 We affirm the trial court's order granting appellees' motion for summary judgment
on appellant's claim for conversion. We reverse the trial court's order granting summary
judgment on appellant's negligence claims and remand the case to the trial court for further
proceedings on appellant's (1) common law negligence claim, (2) negligence per se claim
under the Texas Transportation Code, and (3) negligence per se claim under the Texas
Occupations Code.


 FEDERICO G. HINOJOSA

 Justice



Memorandum Opinion delivered and filed

this the 28th day of August, 2006.
1. As Spirit's insurer, appellant is subrogated to all of Spirit's legal claims against all third parties
responsible for its injury. See Medina v. Herrera, 927 S.W.2d 527, 603-04 (Tex. 1996). Appellant, therefore,
has standing to bring all of these claims.