STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 07-23


MAHMOUD M. GHANNAM, ET AL.

VERSUS

CITY OF ALEXANDRIA


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 220,889
HONORABLE GEORGE CLARENCE METOYER, JR., DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

**REVERSED AND RENDERED.**

**Randal Bryan Tannehill**
**Tannehill & Sylvester, L.L.C.**
**P.O. Box 3246**
**Pineville, LA 71361-3246**
**(318) 641-1550**
**Counsel for Plaintiff/Appellee:**
**Mahmoud M. Ghannam**

**Brandon Ashley Sues**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**Counsel for Defendant/Appellant:**
**City of Alexandria**

**SAUNDERS, Judge.**

Defendant appeals the grant of a permanent injunction in favor of Plaintiff, an alcohol beverage licensee, and three of his convenience stores, which were cited and penalized for the illegal sale of liquor to minors. The permanent injunction, which was granted by the trial court, enjoined the Alcohol Beverage Control Commission from imposing part of the penalty incurred, a thirteen-day suspension of Plaintiff's liquor license. We reverse.

**FACTS AND PROCEDURAL HISTORY**

Defendant, City of Alexandria, appeals the trial court's grant of a permanent injunction that enjoined the Alcohol Beverage Control Commission's (Commission) penalty imposed upon an alcoholic beverage licensee, Mr. Mahmoud M. Ghannam, the owner of several convenience stores in which alcohol was illegally sold to minors in violation of the laws of the state. Due to these violations, three of Mr. Ghannam's convenience stores, namely A&M of Cenla, A&M Mini Mart, Inc., and A&M High Tech, Inc., received citations from the Commission.

On March 28, 2005, a hearing regarding the issuance of the citations was held before the Commission. After the Commission heard and considered the evidence presented, it imposed a $500.00 fine upon both A&M High Tech, Inc. and A&M Mini Mart, Inc., as well as a $1,000.00 fine upon A&M of Cenla, Inc. The penalty imposed on A&M of Cenla was greater, as it had previously been cited for the same violation. The Commission further imposed a suspension of Mr. Ghannam's City of Alexandria liquor license for a total of thirteen days. Mr. Ghannam was notified of the penalties via certified mail on May 11, 2005.

On May 19, 2005, Mr. Ghannam filed a petition seeking a preliminary injunction to restrain enforcement of the administrative rulings of the Commission

and a reduction in penalties on behalf of A&M of Cenla, Inc., A&M Mini Mart, Inc., and A&M High Tech, Inc. The preliminary injunction was granted on June 20, 2005, enjoining the suspension of the liquor license until trial.

The matter came to trial on October 3, 2006. The trial court granted a permanent injunction enjoining the Commission's penalty, reasoning that the imposition of the suspension of Plaintiff's liquor license was excessive under the circumstances and that the fining of his convenience stores was a "sufficient deterrence."

Defendant, in turn, filed a motion for devolutive appeal on November 3, 2006, requesting that the court reverse the trial court ruling and reinstate the previous penalty, thereby denying the injunction.

**ASSIGNMENTS OF ERROR:**

1) The trial court committed legal error in granting a permanent injunction when the plaintiff offered no evidence to meet his burden of proof.

2) The trial court committed legal error in finding that the suspension of the liquor license was excessive when the Alexandria Code clearly allows such a penalty within the discretion of the commission.

**STANDARD OF REVIEW**

A trial court's factual determinations are subject to the manifest error standard of review and may not be overturned unless they are found to be "manifestly erroneous" or "clearly wrong." *Rosell v. ESCO*, 549 So.2d 840 (La.1989). "Nevertheless, when the court of appeal finds that a reversible error of law or manifest error of material fact was made in the trial court, it is required, whenever possible, to redetermine the facts de novo from the entire record and render a judgment on the merits." *Ferrell v. Fireman's Fund Ins. Co., et al.*, 94-1252, p. 4 (La. 2/20/95), 650 So.2d 742, 745.

**LAW AND ANALYSIS**

**Timeliness of Appeal**

In his reply brief, Plaintiff contends that Defendant did not file its motion for devolutive appeal within the time delays set forth in La.R.S. 26:106(B), which states:

> Within ten calendar days of the signing of the judgment by the district court in any such appeal case, the commissioner or the applicant for a permit or permitee, as the case may be, may devolutively appeal the judgment to the appellate court of proper jurisdiction. These appeals shall be perfected in the manner provided for in civil cases and shall be devolutive only. If the district court determines that the decisions of the commissioner or of the local authorities in withholding, suspending, or revoking the permit was in error, the decisions of the commissioner or local authorities shall not be voided if the commissioner or local authorities take an appeal to the court of appeals in the time provided for suspensive appeals.

Plaintiff asserts that since the district court signed the judgment on October 26, 2006, and Defendant filed its devolutive appeal on November 3, 2006, eighteen days after the signing of the judgment, the appeal was untimely. We find, however, that Defendant's appeal was timely under 26:106(B), as the trial court found that the Commission's suspension of Plaintiff's liquor license was in error, and Defendant, a local authority, took an appeal to the court of appeal within the time provided for suspensive appeals. Under La.Code Civ.P. art. 2123, a party has thirty days from either the expiration of the delay for applying for a new trial or judgment notwithstanding the verdict or the date of mailing of notice of the court's refusal to grant a new trial or judgment notwithstanding the verdict to file an appeal. In the instant case, Defendant filed its appeal eighteen days after the signing of the judgment, which is clearly within the time delays provided for in La.Code Civ.P. art. 2123. Accordingly, we find that Defendant's appeal was timely filed.

**Assignment of Error No. 1:**

3

In its first assignment of error, Defendant argues that Plaintiff did not meet his burden of proving that the penalties imposed upon him by the Commission were excessive and therefore, the trial court committed legal error in granting Plaintiff's motion for a permanent injunction. Defendant contends that Plaintiff "did not present a single piece of evidence to meet his burden of proof." Defendant asserts that at trial, Appellee refuted the suspension of his license by simply stating that he had terminated the employee who had violated the law, that he had trained his other employees not to sell alcohol to minors, and that he had paid the fines imposed by the Commission as penalties for the violations. Plaintiff replies to this argument in his brief, stating, "the commission likewise, presented no evidence at trial to substantiate its claims" and further reiterated the fact that remedial efforts had been made.

The manifest error standard applies to the appellate review of the issuance of a permanent injunction. *Mary Moe, LLC v. La. Bd. of Ethics*, 03-2220 (La. 4/14/04), 875 So.2d 22; *Metro Ambulance Serv., Inc. v. Med Life Emergency Med. Servs., Inc.*, 39(La.App. 2 Cir. 3/17/05), 900 So.2d 184. Therefore, the factual determination of the trial court may not be set aside by a reviewing court absent a finding that the determination was manifestly erroneous or clearly wrong. *Stobart v. State Through Dept. of Transp. & Dev.*, 617 So.2d 880 (La.1993). A permanent injunction is issued only after a full trial on the merits in which the burden of proof is a preponderance of the evidence. *Mary Moe, LLC*, 875 So.2d 22. "The primary purpose of injunctive relief is to prevent the occurrence of future acts that may result in irreparable injury, loss or damage to the applicant. La. C.C.P. art. 3601." *Metro. Ambulance Servs. Inc.*, 900 So.2d at 188.

In the instant case, Plaintiff filed a petition for injunctive relief, enjoining the Defendant from imposing the suspension of his liquor license. As the movant

4

requesting injunctive relief, Plaintiff has the burden of proving, by a preponderance of the evidence, that he is entitled to the injunction which he seeks. Based on our review of the record, we do not find that Plaintiff carried his burden of proving by a preponderance of the evidence that he was entitled to the issuance of a permanent injunction, enjoining the Commission's penalty. Plaintiff asserted at trial that he believed the penalty imposed by the Commission was excessive. However, he offered no evidence to the trial court indicating that he, or his businesses, would sustain irreparable injury, loss, or damage if the motion for the injunction was not granted by the trial court. Defendant was not required to present any evidence at the hearing as to why the permanent injunction should not be granted, as the sole burden of proof lay with the Plaintiff. Based on the record, we find that Plaintiff failed to carry his burden of proving that he was entitled to the issuance of a permanent injunction enjoining the imposition of Defendant's penalty. Accordingly, we find that the trial court erred in granting said injunction.

**Assignment of Error No. 2:**

Defendant argues in its second assignment of error that the trial court erred in finding that the Commission's suspension of Plaintiff's liquor license was excessive, as the Code of Ordinances for the City of Alexandria clearly allows such penalty, within the discretion of the Commission. Defendant points to the Alexandria Code, Sec. 4-62, which specifically provides penalties for alcoholic beverage licensees who sell alcohol to minors. The section, which is entitled, "Sales to Minor, Mandatory Suspension," states:

> (a) The commission may impose penalties, including fines or suspensions of dealers whose employees sell alcoholic beverages to minors. Said penalty shall be within the following guidelines:

5

(1) 1st offense - Fine not to exceed five hundred dollars ($500.00) and/or a three-day suspension.

(2) 2nd offense - Fine not to exceed five hundred dollars ($500.00) and/or a ten-day suspension.

(3) 3rd offense - A mandatory suspension of thirty (30) days.

(4) 4th offense - A mandatory suspension of six (6) months. Second subsequent offenses shall be penalties for violations within a second year period.

(b) Notwithstanding any other provision to the contrary, in addition to any other penalty imposed by law, any dealer whose employees are convicted of selling alcoholic beverages to minors three (3) times in one (1) year shall be penalized by mandatory suspension of their alcoholic beverage license for a period of thirty (30) days.

Defendant further asserts that pursuant to Sec. 4-44 of the Alexandria Code, the Commission has discretion, within legal boundaries, in determining a penalty for the offense or offenses committed. Section 4-44 states:

> If the commission finds that a violation is of a minor nature; that there are extenuating circumstances, or that there are reasonable grounds to expect that licensee/permittee will not again violate any of the provisions of this chapter, it may, by majority vote and after hearing all evidence, elect to warn any licensee/permittee, levy fines, or suspend the license or permit. If the violation is flagrant or serious, or if the licensee/permittee has had his license/permit suspended, the commission may revoke the license/permit and shall immediately notify applicable state and local authorities of its action.

Defendant asserts that Plaintiff was fully aware of the penalties for violating the applicable law since he was a licensee, and any person applying for a liquor license is required to sign a statement acknowledging that he is fully cognizant of the provisions of the law pertaining to the sale of alcoholic beverages to minors. Alexandria Code, Sec. 4-24.

Defendant additionally points out that Plaintiff admitted in his petition that he

6

had committed two violations before the commission of the violations in the instant case. Considering the fact that Plaintiff stipulated at the outset of trial that three separate violations of the law prohibiting the sale of alcohol to minors took place in his stores, Defendant asserts that the fines and the thirteen-day suspension of Plaintiff's liquor license were well within its discretion and were allowed under the law, pursuant to Sec. 4-62 and 4-44. Defendant further argues that because Plaintiff had committed three separate offenses/violations, and also had previous violations, it had the authority to fine Plaintiff and to also suspend his liquor license for up to thirty days, in light of his three separate offenses.

Plaintiff rebuts this argument, maintaining that the thirteen-day suspension of his liquor license is excessive. He asserts that the trial judge acted within his discretion by overturning the ruling of the Commission pursuant to La.R.S. 26:106 and 26:108. He further argues that the Commission presented no evidence to substantiate its claim. Plaintiff contends that he rebuked the license suspension by asserting that he had paid his fines and had further taken remedial measures to ensure that such violations would not occur again in the future.

In *Bibbins v. City of New Orleans*, 02-1510 (La.App. 4 Cir. 5/21/03), 848 So.2d 686, *writ denied*, 03-1802 (La. 10/10/03), 855 So.2d 357, the court explained the standard of review for cases such as this one:

> A liquor licensee or permitee is entitled to a trial de novo on appeal to the district court from the local ABC Board's decision under La.R.S. 33:4788. The standard of review from the decision of an administrative body is to determine if the administrative hearing was conducted under the procedural formalities of the statute; if the fact-finding of the administrative body was supported by substantial evidence; and if the administrative body's conclusion was arbitrary or constituted an abuse of discretion. La.R.S. 49:964
> On further review by the state appellate court, the

> manifestly erroneous or clearly wrong standard applies to the findings of the district court.
>
> ....
>
> Where the facts are not in dispute, the reviewing court must consider whether the trial court came to the proper legal determination under the undisputed facts. La. C.C.P. art. 2164; *Maryland Cas. Co. v. Dixie Ins. Co.*, 622 So.2d 698 (La.App. 1 Cir. 1993), writ denied 629 So.2d 1138 (La.1993); *Mallery v. International Harvester Co.*, 14, 823 (La.App 3 Cir. 11/6/96), 690 So.2d 765, writ denied, 97-1323 (La.9/5/97), 700 So.2d 512.

*Id.* at 695.

In the instant case, the trial court found that the Commission's suspension of Plaintiff's liquor license was "excessive and cumbersome." However, considering the applicable ordinances governing the illegal sale of alcohol to minors, we do not agree. It is clear that the penalty imposed upon Plaintiff falls squarely within the legal bounds of Sec 4-62 of the Code of Ordinances for the City of Alexandria. In the case at hand, Plaintiff had three separate violations, one of which was a second offense. Therefore, under the applicable provisions, we find that Plaintiff's liquor license could have been suspended for at least sixteen days (three days for each first offense and 10 days for each second offense), and probably should have been suspended for 30 days, under the mandatory provisions of subsection (b) of Sec. 4-62. Regardless, the Commission did not impose the harshest penalty possible upon Plaintiff for his offenses, and there is nothing in the record that suggests that the suspension was unreasonably harsh under the circumstances. Therefore, we find that the trial court erred in finding that the Commission imposed an excessive penalty upon Plaintiff.

**CONCLUSION**

We find that Defendant's appeal was timely filed under the provisions set forth in La.R.S. 26:106(B). After our review of the record, we find that the trial court erred in granting Plaintiff a permanent injunction enjoining the imposition of Defendant's

suspension of his liquor license, as we find Plaintiff did not carry his burden of proving by a preponderance of the evidence that he was entitled to such an injunction. Additionally, we find that the Commission's imposition of a thirteen-day suspension of Plaintiff's liquor license falls squarely within the limits of Sec 4-62 of the Code of Ordinances for the City of Alexandria. Therefore, we find that the trial court erred in ruling that the penalty imposed upon Plaintiff was excessive. Accordingly, we reverse the decision of the trial court and reinstate the thirteen-day suspension of Plaintiff's liquor license originally imposed by Defendant. All costs of this appeal are assessed to Appellees.

**REVERSED AND RENDERED.**