DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-575

SANDRA L. SAWYER

VERSUS

LEROY J. KILCHRIST

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 111470-E
HONORABLE KEITH R. COMEAUX, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

Sandra L. Sawyer
2517 Sidney LeBlanc Road
New Iberia, LA 70560
    IN PROPER PERSON

Lucretia Pecantte-Burton
P.O. Box 13738
New Iberia, LA 70563
Counsel for Defendant-Appellant:
    Leroy J. Kilchrist

**PAINTER, Judge.**

Plaintiff, Sandra L. Sawyer, was granted a permanent injunction against Defendant, Leroy J. Kilchrist, enjoining him from abusing, harassing, stalking, following, or threatening her, from contacting her, from going within one hundred yards of her residence, and ordering him to stay away from her place of employment. Defendant appeals, asserting that Plaintiff failed to meet the requisite burden of proof. Finding no manifest error in the trial court's grant of the permanent injunction, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, in proper person, filed a petition for temporary restraining order, preliminary and permanent injunction against her neighbor, Defendant, Kilchrist. In that petition, Plaintiff alleged that Defendant stalked her and threatened her with a weapon. She further alleged that the most recent incident involving Defendant occurred on January 13, 2008, and involved Defendant standing in front of her car and not allowing her to drive to her residence. A temporary restraining order was issued on February 14, 2008. Defendant filed an answer denying Plaintiff's allegations. A second temporary restraining order was issued on February 27, 2008, after Defendant was granted a continuance on the rule to show cause why the temporary restraining order should not be made a preliminary injunction. Following a hearing on March 13, 2008, a permanent injunction issued against Defendant. Defendant appeals the issuance of that injunction and alleges that the testimony and evidence presented did not support the issuance of a permanent injunction. For the following reasons, we find Defendant's argument to be without merit and affirm the issuance of the injunction.

1

**DISCUSSION**

Louisiana Code of Civil Procedure Article 3601 provides, in pertinent part: "[a]n injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law," In *Ghannam v. City of Alexandria*, 07-23, p. 4 (La.App. 3 Cir. 5/9/07), 957 So.2d 356, 359-360, this court discussed the burden of proof applicable to the issuance of a permanent injunction as follows:

> The manifest error standard applies to the appellate review of the issuance of a permanent injunction. *Mary Moe, LLC v. La. Bd. of Ethics*, 03-2220 (La.4/14/04), 875 So.2d 22; *Metro Ambulance Serv., Inc. v. Med Life Emergency Med. Servs., Inc.*, 39,440 (La.App. 2 Cir. 3/17/05), 900 So.2d 184. Therefore, the factual determination of the trial court may not be set aside by a reviewing court absent a finding that the determination was manifestly erroneous or clearly wrong. *Stobart v. State Through Dept. of Transp. & Dev.*, 617 So.2d 880 (La.1993). A permanent injunction is issued only after a full trial on the merits in which the burden of proof is a preponderance of the evidence. *Mary Moe, LLC*, 875 So.2d 22. "The primary purpose of injunctive relief is to prevent the occurrence of future acts that may result in irreparable injury, loss or damage to the applicant. La. C.C.P. art. 3601." *Metro. Ambulance Serv. Inc.*, 900 So.2d at 188.

In the instant case, Plaintiff bears the burden of proving, by a preponderance of the evidence, that she is entitled to the injunction which she seeks. Based on our review of the record, we find that Plaintiff met her burden of proof. Sawyer, Andrea Kilchrist (Defendant's sister and Plaintiff's landlord), and Defendant testified at the trial of this matter. Plaintiff testified to several incidents of Defendant stopping her car and photographing her without her consent. She testified that she isn't sure if Defendant would physically harm her but that his actions were interfering with her lease of the property and that she just wanted to be left alone. Andrea testified that Plaintiff had often expressed her fear of Defendant but that she had not personally seen Defendant block Plaintiff's way on the road. The court considered all of the

2

evidence and chose to believe Plaintiff's testimony that she was being harassed by Defendant. We find no manifest error in the trial court's factual determinations and, therefore, affirm the issuance of the permanent injunction in this case.

## DECREE

For the reasons assigned above, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Defendant-Appellant, Leroy J. Kilchrist.

**AFFIRMED.**